UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEYON D. WATKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2554** |
| **ORLEANS PARISH DISTRICT ATTORNEY OFFICE, ET AL.** | **SECTION "L"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.      Factual and Procedural Background

Plaintiff Keyon D. Watkins ("Watkins"), an inmate housed in the Union Parish Detention Center, submitted the captioned civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Orleans Parish District Attorney's Office, the Orleans Parish District Court, Orleans Parish District Attorney Jason Williams, and Judge Darryl A. Derbigny, although he did not include any factual allegations or legal claims. ECF No. 1, at 1-2 (Deficient Complaint). Watkins did not complete the required § 1983 complaint form, pay the filing fee, or submit a pauper application with his complaint.

The Clerk of Court sent Watkins notice of these deficiencies on July 18, 2023, which required Watkins to complete and submit the § 1983 form complaint and either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. A form complaint and pauper application form were provided

to Watkins with the notice. The envelope mailed to Watkins at his prison address has not been returned as undeliverable. Watkins did not respond to or comply with the deficiency notice.

On August 22, 2023, the undersigned Magistrate Judge issued an Order requiring Watkins to show cause in writing by September 20, 2023, why his complaint should not be dismissed for his failure to prosecute by failing to respond to the deficiency notice, submit the form complaint and either pay the filing fee or submit a pauper application. ECF No. 3. The envelope mailed to Watkins at his prison address has not been returned as undeliverable. Watkins has not responded to the show cause order, submitted the form complaint, paid the filing fee, or submitted a pauper application as ordered.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214

F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. Analysis

Watkins has not replied to the Clerk of Court's deficiency notice or the Court's show cause order. He also has not submitted the form complaint, the filing fee, or a certified pauper application to initiate this suit. Watkins is proceeding *pro se*, and his failure to comply with the notice and the Court's order is solely the result of his own actions or inactions. He has been given adequate opportunity to submit the form complaint and either pay the filing fee or submit a certified pauper application. His failure to do so has resulted in the Court's inability to move forward with this case and its docket. For these reasons, Watkins's civil rights complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Keyon D. Watkins's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for his failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 26th day of September, 2023.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.